**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MAYRA CONCEPCION, on behalf of herself**
**and on behalf of all others**
**similarly situated,**

      **Plaintiff,**

**v.**                            **CASE NO.:**

**VIA AIRLINES, INC., and**
**PAYCHEX PEO II, LLC,**

      **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MAYRA CONCEPCION ("Named Plaintiff"), by and through undersigned counsel, on behalf of herself and on behalf of all others similarly situated, brings this action against Defendants, VIA AIRLINES, INC and PAYCHEX PEO II, LLC, (collectively as "Defendants"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay a minimum wage. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq.

3.      Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Orange County, Florida, which lies within the Middle District.

## PARTIES

4.      Named Plaintiff is a resident of Seminole County, Florida.

5.      Defendant, VIA AIRLINES, INC., operates an airline in Maitland, in Orange County, Florida.

6.      Defendant, PAYCHEX PEO II, LLC operates a professional employer organization in Pinellas County, Florida.

7.      Defendants entered into a joint employer relationship and are authorized as "joint-employers" under the FLSA by virtue of their rigorous control over all of the individual employees. Further, Defendants prepare the payroll and distribute the payment of wages for Plaintiff and members of the Class.

## GENERAL ALLEGATIONS

8.      Named Plaintiff has satisfied all conditions precedent, or they have been waived.

9.      Named Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10.     Named Plaintiff requests a jury trial for all issues so triable.

11.     At all times material hereto, Named Plaintiff MAYRA CONCEPCION was employed by Defendants as a customer service/gate agent.

12.     The putative class of similarly situated employees consists of all other customer service/gate agents employed by Defendants within the last three years.  These similarly situated persons will be referred to as "Members of the Class" or "the Class."

13.     At all times material hereto, Named Plaintiff and Members of the Class were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

14.     At all times material hereto, Named Plaintiff and Members of the Class were "employees" of Defendants within the meaning of the FLSA.

15.     At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

16.     Defendants continue to be an "employer" within the meaning of the FLSA.

17.     At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

18.     At all times relevant to this action, Defendants engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

19.     At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

20.     Thus, Named Plaintiff and Members of the Class are "non-exempt employees" who are covered by the FLSA.

21.     At all times material hereto, the work performed by Named Plaintiff and Members of the Class was directly essential to the business performed by Defendants.

## FACTS

22.     Named Plaintiff began working for Defendants as a customer service/gate agent in June 2018, and she worked in this capacity until May 2019.

23.     At all times material hereto, Named Plaintiff and Members of the Class worked hours at the direction of Defendants, and they were not paid at least the applicable minimum wage for all of the hours that they worked.

24.     By failing to accurately record all of the hours worked by Named Plaintiff and Members of the Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2.

25.     Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

26.     Named Plaintiff brings this case as an "opt-in" collective action on behalf of similarly situated employees of Defendants (the "Class") pursuant to 29 U.S.C. § 216(b). The Class is composed of customer service/gate agents whom Defendants failed to compensate in accordance with the federal minimum wage for all hours worked in accordance with the FLSA.

27.     Therefore, notice is properly sent to: "All customer service/gate agents whom Defendants failed to compensate in accordance with federal minimum wage for all hours that they worked from 2016 to the present."

28.     The total number and identities of the Class members may be determined from the records of Defendants, and the Class may easily and quickly be notified of the pendency of this action.

29.     Named Plaintiff is similar to the Class because he and the Class have been unlawfully denied full payment of the applicable federal minimum wage as mandated by the FLSA.

30.     Named Plaintiff's experience with Defendants' payroll practices is typical of the experiences of the Class.

31.     Named Defendants' failure to pay all wages due at a rate that was at least equal to the applicable statutory minimum wage is common to the Class.

32.     Named Defendants' practice of making unlawful deductions from wages in violation of the FLSA is common to the Class.

33.     Overall, Named Plaintiff's experience as a customer service/gate agent who worked for Defendants is typical of the experience of the Class.

34.     Specific job titles or job duties of the Class do not prevent collective treatment.

35.     Although the issues of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

36.     Named Plaintiff realleges and readopts the allegations of paragraphs 1 through 35 of this Complaint, as though fully set forth herein.

37.     During the statutory period, Named Plaintiff and the Class worked for Defendants, and they were not paid the applicable federal minimum wage for the hours that they worked, as mandated by the FLSA.

38.     Defendants failed to compensate Named Plaintiff and the Class at a rate that was at least equal to the applicable federal minimum wage.

39.     The Members of the Class are similarly situated because they were all employed as customer service/gate agents by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its customer service/gate agents at a rate that was at least equal to the applicable federal minimum wage, in accordance with the FLSA.

40.     This reckless practice violates the provisions of the FLSA, specifically 29 U.S.C. § 206(a)(1)(C).  As a result, Named Plaintiff and the Members of the Class who have opted in to this action are each entitled to an amount equal to their unpaid minimum wages as liquidated damages.

41.     All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

42.     As a result of the foregoing, Named Plaintiff and the Class have suffered damages.

*WHEREFORE*, Named Plaintiff and all similarly situated employees who join this collective action demand:

(a)     Designation of this action as a collective action on behalf of the Named Plaintiff and the prospective Class that he seeks to represent, in accordance with the FLSA;

(b)     Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA putative class, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c)     Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d)     Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e)     Judgment against Defendants for an amount equal to the unpaid minimum wages of Plaintiffs and all opt-in Members of the Class;

(f)     A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g)     Judgment against Defendants for an amount equal to the unpaid back wages of Named Plaintiff and opt-in Members of the Class at the applicable statutory minimum wage, as liquidated damages;

(h)     Judgment against Defendants stating that its violations of the FLSA were willful;

(i)     To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j)     All costs and attorney's fees incurred in prosecuting these claims; and

(k)     For such further relief as this Court deems just and equitable.

**JURY TRIAL DEMAND**

Named Plaintiff demands trial by jury as to all issues so triable.

Dated this 13th day of August, 2019.

Respectfully submitted,

*/s/ Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct: 813-337-7992
Main: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: jcornell@wfclaw.com
Email: rcooke@wfclaw.com
**Attorney for Plaintiff**