**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| MAYRA CONCEPCION, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. 6:19-cv-1496-Orl-40GJK |
| VIA AIRLINES, INC. and PAYCHEX PEO II, LLC, | ) |
| Defendants. | ) |

**DEFENDANT, PAYCHEX PEO II, LLC'S UNOPPOSED MOTION**
**TO SET ASIDE ENTRY OF DEFAULT**
**AND INCORPORATED MEMORANDUM OF LAW**

Defendant, PAYCHEX PEO II, LLC ("Defendant"), through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 55(c), files this *Unopposed* Motion to Set Aside Entry of Default and Incorporated Memorandum of Law. In support thereof, Defendant states as follows:

1. On or about August 13, 2019, Plaintiff, MAYRA CONCEPCION ("Plaintiff") commenced this action by filing a Complaint in the United States District Court in and for the Middle District of Florida. (Dkt. 1).

2. According to the Affidavit of Service, Plaintiff served Defendant with the Complaint through its registered agent, CT Corporation System, on September 4, 2019. (Dkt. 9).

3. Defendant's representative handling this matter left employment with Defendant shortly thereafter, on or about September 11, 2019. Defendant made arrangements

and assigned a new representative to manage this case. Amid the transition, neither the new representative nor the undersigned counsel was notified that Plaintiff had served Defendant with the Complaint.

4. Due to this communication error, Defendant failed to file a timely response to the Complaint or otherwise appear in this matter.

5. On September 26, 2019, Plaintiff filed a Motion for Clerk's Default Against Defendant. (Dkt. 10). The Motion for Clerk's Default Against Defendant was the first record action since service of the Complaint. (*See* Dkt.).

6. On September 27, 2019, the Clerk filed an Entry of Default against Defendant. (Dkt. 11).

7. On October 3, 2019, Defendant received a copy of Plaintiff's Motion for Clerk's Default Against Defendant. This was the first time Defendant realized that Plaintiff had, in fact, served the Complaint. The Defendant retained the undersigned counsel to represent the company in this matter.

8. Counsel for Defendant immediately contacted Plaintiff's counsel and advised him of the internal transition issues that led to Defendant inadvertently neglecting to respond to the Complaint.

9. Defendant respectfully asserts that that good cause exists as to its failure to respond to the Complaint and Plaintiff does not oppose the relief requested. Defendant accordingly requests that this Court grant the Unopposed Motion to Set Aside Entry of Default and Incorporated Memorandum of Law.

10. This Motion is made in good faith and not for the purposes of delay.

## LOCAL RULE 3.01(g) CERTIFICATION

On October 3, 2019, counsel for Defendant conferred with Plaintiff prior to filing this Unopposed Motion to Set Aside Entry of Default and Incorporated Memorandum of Law. Plaintiff does not oppose the relief requested in this Motion.

## INCORPORATED MEMORANDUM OF LAW

Fed. R. Civ. P. 55(c) permits the District Court to "set aside an entry of default for good cause." Default judgments should only be entered "when a defendant's actions or inactions amount to willful misconduct, gross neglect, or other extreme and unusual behavior." *Frank Keevan & Son, Inc. v. Callier Steel Pipe & Tube, Inc.*, 107 F.R.D. 665, 670 (S.D. Fla. 1985). The District Court for the Middle District of Florida has explained that:

> The good cause standard from Rule 55(c) is not rigidly defined and varies from situation to situation. *Compania Interamericana Export-Import v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996); *Heaton v. Bonacker & Leigh*, 173 F.R.D. 533, 535 (M.D. Ala. 1997). The Eleventh Circuit has recognized that good cause is not susceptible to a precise formula, but some general guidelines are commonly applied. *Compania Interamericana*, 88 F.3d at 951. "Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Id.*

*Microsoft Corp. v. Gunther,* No. 3:07-cv-596-J-32TEM, 2007 U.S. Dist. LEXIS 89488, at *2 (M.D. Fla. Dec. 5, 2007). Here, the Court should set aside the default because Defendant can establish all factors.

### A. There Was Excusable Neglect for Not Responding to the Complaint.

Defendant's failure to respond to the Complaint was not willful; instead, it was the result of excusable neglect. In the Eleventh Circuit, "excusable neglect is understood to

encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Cheney v. Anchor Glass Container Corp.,* 71 F.3d 848, 850 (11th Cir. 1996). *See also Walter v. Blue Cross & Blue Shield United,* 181 F.3d 1198, 1202 (11th Cir. 1998) (noting that excusable neglect encompasses situation where a secretary failed to "record the applicable deadline – the type of innocent oversight involved in *Cheney*"); *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 999 (11th Cir. 1997) (noting that clerical error or miscommunications constitutes excusable neglect).

In the instant case, Defendant's employee initially handling this matter left the company approximately one (1) week after service of the Complaint, and, during the brief transition period, the new representative assigned to manage the case was not informed that Plaintiff had served the Complaint. The undersigned counsel was similarly not informed. Defendant mistakenly thought it was not yet under an obligation to respond to the Complaint. This is a classic example of "foibles to which human nature is heir." *See Miami-Dade County v. Coral Bay Section C Homeowners Ass'n,* 979 So. 2d 318, 322 (Fla. 3d DCA 2008); *see also Carter, Hawley, Hale Stores, Inc. v. Whitman*, 516 So. 2d 83, 83-84 (Fla. 3d DCA 1987) (finding excusable neglect where papers got "lost" in a pile of unrelated documents on the desk of the general counsel, who was responsible for retaining a local attorney to file an appropriate response).

Defendant's explanation is reasonable and understandable. Defendant's conduct "amounts only to an omission [] caused by carelessness." *Cheney*, 71 F.3d at 850 (default set aside where miscommunication between associate attorney and lead attorney led to delayed filing) (internal citation omitted); *American Alliance Ins. Co. v. Eagle Ins. Co.,* 92

4

F.3d 57, 61-62 (2d Cir. 1996) (reversing denial of motion to vacate default as an office manager's assumption that the case had been assigned and diligently handled by staff attorney was excusable neglect); *Precision Software,* No. 98-136-Civ-FTM-17D, 1998 U.S. Dist. LEXIS 22068 at *20-21 (M.D. Fla. Oct. 13, 1998) (misunderstanding of counsel that was corrected by filing motion to set aside default as soon as mistake was discovered, warranted setting aside default).

### B. Defendant Took Immediate Corrective Action After Learning of the Entry of Default.

Upon learning of the entry of default, the undersigned counsel immediately contacted Plaintiff's counsel and advised him of the mistake that led to Defendant inadvertently failing to respond to the Complaint. Defendant's counsel then prepared and filed this Motion. Defendant's due diligence in seeking to set aside the default cannot be disputed. *See Woodbury*, 152 F.R.D. at 237 (Defendant's response within 14 days of receiving notice was prompt and diligent response).

### C. Setting Aside the Default Will Not Prejudice Plaintiff.

The delay in responding to the Complaint is in no way prejudicial to the Plaintiff, and Plaintiff has no objection to the relief requested herein. Plaintiff will still have the ability to assert her claims, engage in discovery, and present her case to the fact-finder. The setting aside of the default will not affect her ability to recover the applicable remedies in this action, if she prevails.

### D. Defendant Can Assert Meritorious Defenses.

Defendant can assert meritorious defenses to Plaintiff's Fair Labor Standards Act ("FLSA") claims. Defendant is not entirely clear about the nature of the alleged violations

based upon its reading of the complaint but asserts adamantly that it complied with all provisions of the FLSA, properly compensated all its employees and acted in a lawful manner toward Plaintiff.

## **CONCLUSION**

For all these reasons, the Clerk's Default should be set aside so as to allow a determination of this controversy on its merits.

WHEREFORE, Defendant, PAYCHEX PEO II, LLC, respectfully requests that this Court enter an Order: (i) GRANTING Defendant's Unopposed Motion to Set Aside Entry of Default and Incorporated Memorandum of Law; (ii) SETTING ASIDE the Clerk's Default entered against Defendant; (iii) Issuing an Order allowing Defendant 20 days from the date of the Court's Order to respond to the Complaint and (iv) GRANTING such other and further relief as this Court deems just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

DATED this 4th day of October, 2019.

Respectfully submitted,

        Respectfully submitted,

        JACKSON LEWIS P.C.
        390 North Orange Avenue, Suite 1285
        Orlando, Florida 32801
        Telephone:   (407) 246-8440
        Facsimile:    (407) 246-8441

        By:   */s/ Stephanie L. Adler-Paindiris*
                Stephanie L. Adler-Paindiris
                Florida Bar No. 0523283
                stephanie.adler-paindiris@jacksonlewis.com

                Amanda A. Simpson
                Florida Bar No. 0072817
                amanda.simpson@jacksonlewis.com

        Attorneys for Defendant PAYCHEX PEO II, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to: Brandon J. Hill, Esquire, Wenzel Fenton Cabassa, P.A., 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602.

        */s/ Stephanie L. Adler-Paindiris*
        Stephanie L. Adler-Paindiris

4826-9780-0616, v. 1